IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLETTE ANGELA RICHNOW, (TDCJ #1458166) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-3037 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

**MEMORANDUM AND ORDER**

The petitioner, Colette Angela Richnow, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss for lack of jurisdiction, and Richnow has filed a response. After considering all of the pleadings, and the applicable law, the Court dismisses this case. The reasons are explained below.

**I.     Background**

Richnow is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of her 2007 conviction in Montgomery County Cause Number 06-09-09387-CR. Richnow was convicted of two counts of capital murder and sentenced to life imprisonment without parole. The Ninth Court of Appeals of Texas affirmed Richnow's conviction on direct appeal. *Richnow v. State*, No. 09–07–00366–CR, 2008 WL 5096517 (Tex. App.—Beaumont 2008, pet. ref'd). Richnow has filed two applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of

Criminal Procedure challenging her capital murder conviction. The Texas Court of Criminal Appeals denied Richnow's first state habeas application on the merits and dismissed the second application as subsequent. *See Ex parte Richnow*, Application Nos. WR-75,305-01, WR-75,305-02.

In a federal habeas corpus petition dated October 2, 2017, Richnow contends she is entitled to relief on the following grounds: (1) actual innocence; (2) denial of due process and equal protection at trial based on inconclusive DNA testing; and (3) ineffective assistance of trial counsel. Richnow states her claims are based on newly-discovered evidence and/or information.

Court records reflect that Richnow has filed a previous federal habeas corpus petition to challenge her conviction for capital murder. *See Richnow v. Thaler*, Civil No. 4:11-cv-3080 (S.D. Tex. 2012) (dismissed with prejudice on the merits).

## II. Discussion

The pending petition filed by Richnow in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later application is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). In her response, Richnow concedes that her petition is successive and asks this Court to dismiss her case without prejudice so that she may request permission from the Fifth Circuit to proceed with her claims.

Because the pending petition is successive, Richnow is required to seek authorization from the Fifth Circuit before this Court can consider her application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the

3

petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Richnow states a valid claim for relief. Therefore, a certificate of appealability will not issue.

IV. **Conclusion and Order**

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss, (Docket Entry No. 8), is **GRANTED**.

4

2. The habeas corpus petition is **DISMISSED** without prejudice for lack of jurisdiction as an unauthorized successive application.

3. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on  JAN 2 3 2013.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE